IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| LESLIE REDMOND | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:11cv146 |
| JODY R. UPTON | § | |

ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Leslie Redmond, an inmate confined at the Federal Correctional Institution at Beaumont, Texas, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The court previously referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, for consideration pursuant to applicable orders of this court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this matter. The Magistrate Judge recommends the petition be dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Petitioner challenges two criminal convictions[1] for using, carrying, or brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(a). A person convicted of a federal crime may challenge the conviction through a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 only if his ground for review: (a) is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense and (b) was foreclosed by applicable circuit law at the time when the ground for review should have been raised at trial, on appeal or in a first motion to

---

[1] The convictions were the result of the same indictment.

vacate, set aside or correct sentence. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Petitioner relies on the Supreme Court's decision in *O'Brien v. United States*, 131 S.Ct. 2169 (2010). In *O'Brien*, the Supreme Court held that the issue of whether a firearm is a machinegun is an element of the offense in 18 U.S.C. § 924(c)(1)(B)(iii), rather than merely a sentencing factor. As a result, the finding that the weapon involved in the offense is a machinegun must be made by the jury at trial rather than by the judge in connection with sentencing.

The decision by the Court in *O'Brien* did not render the conduct for which petitioner was convicted non-criminal. Instead, it held that the determination of the type of weapon involved in a particular offense is a question for the jury, not the judge. *Abed v. Bledsoe*, 473 Fed.Appx. 106 (3rd Cir. 2012). A decision by a court "concerning who must find a fact (not what fact must be found) in no way renders [a defendant's] conduct legal. The substance of the law did not change; only the procedure changed." *Logan v. United States*, 434 F.3d 503, 510 (6th Cir. 2006). In essence, *O'Brien* is a decision concerning criminal procedure, rather than a substantive decision concerning whether particular conduct constitutes a crime.

In order for him to be able to challenge a federal conviction in a Section 2241 petition, a petitioner must demonstrate that as a result of an intervening decision by the Supreme Court, the conduct which resulted in his conviction no longer constitutes a crime. For the reasons set forth above, petitioner has failed to do this.[2] His objections to the Report and Recommendation are therefore without merit.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is

---

[2] In addition, the weapon involved in petitioner's offense was not a machinegun. While petitioner's second conviction did subject him to a higher mandatory minimum sentence, this was because this was his second conviction for using, carrying or brandishing a firearm in connection with a crime of violence, not because of the type of weapon involved in the offense.

**ADOPTED**. A final judgment shall be entered dismissing the petition.

So **ORDERED** and **SIGNED** this **12** day of **September, 2012.**

_____
Ron Clark, United States District Judge